UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    SUSAN D. SPOTO,                              Bankruptcy Case No. 14-21357
                                                                Chapter 13

                Debtor.

## DECISION AND ORDER
## GRANTING AMENDED MOTION FOR PRODUCTION OF DOCUMENTS BY
## THIRD-PARTIES UNDER RULE 2004(c) FRBP AND
## DENYING CROSS-MOTION FOR PROTECTIVE ORDER UNDER
## RULE 45(d)(3) FRCP AND RULE 9018 FRBP

PAUL R. WARREN, United States Bankruptcy Judge

## I.

## OVERVIEW

On November 4, 2014, Susan Spoto ("Debtor")—a local dentist—filed for protection under Chapter 13 of the Bankruptcy Code (ECF No. 1). On December 23, 2014, Martini Construction, Inc. ("Martini")—a judgment creditor—filed a motion requesting permission to conduct a Rule 2004 examination of and requiring the production of documents by the Debtor's husband, Kaz Plonczynski ("Plonczynski") (ECF No. 28, as amended at ECF No. 34). The motion also sought a subpoena to compel production of copies of mortgage loan applications from First Niagara Bank in connection with the Debtor and Plonczynski's home on Elmwood Avenue, Brighton, New York. And so began a skirmish between Martini and Plonczynski over the propriety and scope of a Rule 2004 examination—requiring that the Court conduct four

hearings (thus far)—while the parties grappled and jostled over delineating acceptable ground rules, seemingly continuing the battle for the sake of the battle only.[1]

While that motion was pending a further hearing, Martini filed an additional motion under Rule 2004 FRBP, seeking to compel M&T Mortgage Corporation ("M&T") and HSBC Mortgage Corporation ("HSBC") to produce a copy of the mortgage application, and all related documents, submitted by the Debtor and Plonczynski concerning a first mortgage and the refinance of that mortgage (ECF No. 53, as amended at ECF Nos. 60 and 63).[2] Martini asserts that the mortgage loan applications and related documents submitted to M&T and HSBC concern the Debtor's acts, conduct, property and financial condition (ECF No. 61 ¶ 3). Plonczynski—of course—opposes the most recent motion for production under Rule 2004 FRBP because the requested documents may potentially contain personal financial information concerning Plonczynski, a non-party (ECF No. 68). Although he did not file a cross motion, Plonczynski includes in his opposition a request for a protective order under Rule 7026(c) FRBP and asserts that an *in camera* review of the mortgage loan applications and related documents is necessary to protect his "privacy concerning his own financial affairs" (*Id*. at 2).

---

[1] "Once upon a time, it matters little when, and in stalwart England, it matters little where, a fierce battle was fought . . . . Yet not a hundred people in that battle knew for what they fought, or why; not a hundred of the inconsiderate rejoicers in the victory, why they rejoiced. Not half a hundred people were the better for the gain or loss. Not half-a-dozen men agree to this hour on the cause or merits; and nobody, in short, ever knew anything distinct about it, but the mourners of the slain." Charles Dickens, *The Battle of Life*, pp. 3, 15 (Bradbury & Evans 1846).

[2] Martini does not specify the real property at issue in the most recent motion seeking the production of documents under Rule 2004 FRBP. At oral argument, counsel for Martini indicated that the Debtor and Plonczynski's marital residence, located at 3523 Elmwood Avenue, Brighton, New York, is the subject of the motion. Counsel also advised the Court that the initial motion seeking an examination and the production of documents (ECF No. 28, as amended at ECF 34) had been resolved by the parties.

Because the mortgage loan applications and related documents, submitted by the Debtor and Plonczynski in connection with their jointly owned marital residence on Elmwood Avenue, Brighton, New York—valued at $500,000 in the Chapter 13 Petition—may provide information concerning the Debtor's acts, conduct, property or financial condition, Martini's motion for a subpoena compelling the production of those documents by M&T and HSBC is **GRANTED** under Rule 2004(a) and (c) FRBP. Plonczynski's request for a protective order, under Rule 7026(c) FRBP, is **DENIED**, because Rule 7026 FRBP does not apply to the requested document production under Rule 2004 FRBP. Alternatively—and additionally—Plonczynski has failed to demonstrate that disclosure of "privileged or protected information" is sought under Rule 45(d)(3) FRCP, or that confidential research, development or commercial information, or scandalous or defamatory information may be disclosed under Rule 9018 FRBP, or that the examination is beyond the scope of Rule 2004 FRBP. His motion for a protective order is also **DENIED** under Rule 2004(a) FRBP, Rule 45(d)(3) FRCP, and Rule 9018 FRBP, in the exercise of this Court's discretion.

## II.

## CONCLUSIONS OF LAW

A. <u>**The Requested Document Production Is Permissible Under Rule 2004 FRBP.**</u>

The scope of a Rule 2004 examination is quite broad. In its broadest recitation, the rule has been described as being "in the nature of a fishing expedition." *E.g., In re Roman Catholic Church of Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D.N.M. 2014); *In re Enron Corp.*, 281 B.R. 836, 839 (Bankr. S.D.N.Y. 2002); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991). On the motion of a party in interest, the Court may order a Rule 2004

3

examination if the examination relates to the acts, conduct, or financial affairs of the debtor, or to matters affecting the administration of the bankruptcy estate. *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *Enron Corp.*, 281 B.R. at 840. The broad scope of Rule 2004 FRBP assists the trustee in determining the nature and extent of the estate, or whether the debtor is entitled to a discharge. *Corso*, 328 B.R. at 383. The rule is used as a "pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt." *Id.*; *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

There are certainly limits to an examination under Rule 2004 FRBP, however. Witnesses who have no relationship to the debtor's financial affairs or to the administration of the estate are not proper subjects of a Rule 2004 examination. *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984). Rule 2004 FRBP "may not be used for 'purposes of abuse or harassment' and it 'cannot stray into matters which are not relevant to the basic inquiry.'" 9 *Collier on Bankruptcy* ¶ 2004.02[1] (16th ed. 2014) (citations omitted).

Martini's motion requesting the production of mortgage loan applications and related documents by M&T and HSBC concerns the martial residence of the Debtor and her non-debtor husband, and the Debtor's property or financial condition—perhaps in further support of or in contrast to the information in her bankruptcy schedules, statements, and her testimony at the meeting of creditors held under 11 U.S.C. § 341. Additionally, those documents relate to both the source of any money or property acquired and matters relevant to the formation of a plan, made specifically subject to examination in cases under Chapter 13 by Rule 2004(b) FRBP.

The Court finds that the documents sought by Martini are within the scope of examination permitted under Rule 2004 FRBP. Plonczynski's objection is in all respects overruled. The requested documents relate to mortgage loans that he and the Debtor entered into

4

with the subject banks, jointly and as husband and wife. Plonczynski and the Debtor operated—for purposes of these residential mortgage loans—as an economic unit, not as two strangers each secretly disclosing their financial information to the mortgage lenders. However, to avoid undue burden on the respondents, M&T and HSBC, Martini is directed to revise its proposed subpoena under Rule 2004(c) FRBP, to ensure that the description of the mortgage loan and the refinance of that mortgage loan is sufficiently specific. The description should include, at a minimum, the borrowers' names, dates of the mortgages, the property address, tax identification number, and redacted account number, to enable the mortgage lenders to efficiently respond to the subpoena—by producing copies of the requested documents, or indicating that the documents are no longer in their possession, custody, or control.

### B. **There Is Not Cause to Support Issuance of a Protective Order.**

In addition to opposing Martini's request for production of limited documents from M&T and HSBC, Plonczynski requests the issuance of a protective order under Rule 7026(c) FRBP. The basis for this request is Plonczynski's broad assertion that his "privacy concerning his own personal financial affairs" is subject to an unwarranted invasion (ECF No. 68 at 2).

As an initial matter, Plonczynski's request for a protective order under Rule 26(c) FRCP, incorporated by Rule 7026 FRBP, is procedurally misplaced. As the plain language of Rule 7026 FRBP states, "Rule 26 FRCP applies in adversary proceedings." Additionally, by operation of Rule 9014(c) FRBP, the provisions of Rule 7026(c) apply in "contested matters." At oral argument, Plonczynski advanced the argument that an objection to a motion for an examination under Rule 2004 FRBP initiates a contested matter under Rule 9014 FRBP, making applicable the provisions of Rule 26(c) FRCP. The Court disagrees. At this point in time, no adversary proceeding or contested matter is pending as between Martini and Plonczynski. The

5

only matter pending between *these parties* is the request for production under Rule 2004 FRBP and a cross-motion seeking to limit the use of information obtained under Rule 26(c) FRCP.

A motion seeking to limit or prohibit an examination or document production—or to quash a subpoena—under Rule 2004 FRBP is a request for an order under Rule 9013 FRBP, the grounds for which must be among those provided for by Rule 45(d)(3) FRCP, incorporated by Rule 9016 FRBP or, in some instances, Rule 9018 FRBP—it does not initiate contested matter. *See* 9 *Collier on Bankruptcy* ¶ 2004.01[1] (16th ed. 2014) ("No contested matter or adversary proceeding need be instituted as a prerequisite to conducting [a Rule 2004] examination; in fact, *if an adversary proceeding or contested matter is pending*, the discovery devices provided for in Rules 7026-7037 . . . apply and Rule 2004 should not be used.") (emphasis added). Additionally, "Rule 2004 by its terms gives the Court discretion to limit examination as justice requires . . . . Courts have used this permissive conditional language [of Rule 2004(a) FRBP] to restrict discovery that appears unduly intrusive or burdensome." *Diocese of Gallup*, 513 B.R. at 765; *see also In re Handy Andy Home Improvement Ctrs, Inc.*, 199 B.R. 376, 379-80 (Bankr. N.D. Ill. 1996) (holding that Rule 26(c) FRCP governing protective orders in adversary proceedings and contested matters is not applicable to examinations under Rule 2004 FRBP). The Court will, however, treat Plonczynski's request for a protective order as having been made under Rule 45(d)(3) FRCP, incorporated by 9016 FRBP, and under Rule 9018 FRBP, or alternatively based on the Court's inherent discretion under Rule 2004(a) FRBP—in order to dispose of the request by Plonczynski on the merits, rather than on technical procedural grounds.

This is a Chapter 13 debt adjustment case, for which the scope and reach of an examination or document production demand from the Debtor or a non-debtor entity, under Rule 2004 FRBP, is more expansive. "In . . . an individual's debt adjustment case under Chapter 13. . .

6

the examination *may also* relate to the operation of any business . . . , *the source of any money or property acquired* or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefor, *and any other matter relevant to the case or the formulation of a plan*." Rule 2004(b) FRBP (emphasis added). The Court finds, in the exercise of its discretion under the permissive language of Rule 2004(a) and (b) FRBP, that production of mortgage loan applications and related documents, submitted to M&T or HSBC jointly by Plonczynski and the Debtor—with respect to their marital residence on Elmwood Avenue—is appropriate. Much of the Debtor's proposed Chapter 13 plan hinges on her available resources after payment of the mortgage obligations on the martial residence she proposes to retain, without contribution from Plonczynski. The fact that Plonczynski's "personal financial affairs" may be disclosed on the mortgage loan applications, jointly submitted by the Debtor and Plonczynski, is not sufficient reason for this Court to grant a protective order with respect to those documents. Rule 2004(b) FRBP casts a broader net in debt adjustment cases under Chapter 13, by its specific language. To the extent that Plonczynski's request for a protective order could be based on the Court's inherent authority under Rule 2004(a) and (b) FRBP, that request is **DENIED**.

Alternatively—and additionally—to the extent that Plonczynski's request for a protective order could be based on either Rule 45(d)(3) FRCP, applicable to all cases under the Bankruptcy Code by virtue of Rule 9016 FRBP, or Rule 9018 FRBP, the Court **DENIES** the requested protective order in the exercise of its discretion. Plonczynski has not carried his burden of proving that the mortgage loan applications contain "privileged or other protected matter"—a

7

necessary showing under Rule 45(d)(3)(A)(iii).[3]  Similarly, Plonczynski has not made a showing under Rule 9018 FRBP that the loan applications contain trade secret information, scandalous, or defamatory information. Plonczynski's ultimate request—restricting and prohibiting the use of the mortgage loan applications and related documents in any proceeding other than in this Court—is **DENIED**, in the exercise of this Court's discretion.

In anticipation of the next skirmish between the parties, and to protect Plonczynski's privacy to the extent recognized by Rule 9037 FRBP, the Court directs that Martini refrain from filing with this Court—electronically or in paper—any document containing protected personal information as defined by Rule 9037(a) FRBP.  In the event that documents obtained by Martini are filed in connection with this case, such documents are to be redacted by counsel before filing, as required by Rule 9037(a) FRBP.

### III.

### CONCLUSION

Martini's motion for a subpoena directing M&T and HSBC to provide copies of mortgage loan applications submitted by the Debtor and Plonczynski, including refinancing mortgage loan applications, and related documents—in the possession, custody, and control of M&T and HSBC—with respect to real property located at 3523 Elmwood Avenue, Brighton, New York, is **GRANTED** under Rule 2004(c) FRBP.  Plonczynski's cross-motion requesting a protective order under Rule 7026 FRBP, but treated by the Court as a motion under Rule 2004 FRBP and Rule 45(d)(3) FRCP, incorporated by Rule 9016 FRBP, and under Rule 9018 FRBP,

---

[3]  Because production is sought from M&T and HSBC, not from Plonczynski, the provisions of Rule 45(d)(3)(A)(i) and (ii) FRCP do not apply here.

is in all respects **DENIED**. Counsel for Martini is expected to comply with the requirements of Rule 9037(a) FRBP for any filing made with this Court in connection with this case, to the extent protected personal information is included in such filings.

IT IS SO ORDERED.

Dated: May 21, 2015 _____/s/_____
      Rochester, New York           HON. PAUL R. WARREN
                                      United States Bankruptcy Judge